Aniece INNOCENT and La Mercie Innocent, individually, as Co–Personal Representatives of the Estate of Noel Innocent, Deceased, and on behalf of the decedent's survivors, Plaintiff,

v.

CENTRAL TRUCK LINES, INC., a Florida corporation; Joseph Condina, et al., Defendants.

No. 87–2141–Civ.

United States District Court, S.D. Florida, Miami Division.

Jan. 26, 1988.

Kyle A. Silverman, Miami, Fla., for plaintiff.

Robert D. McIntosh, Ft. Lauderdale, Fla., for defendants.

## ORDER DENYING MOTION TO STRIKE

JAMES LAWRENCE KING, Chief Judge.

The resolution of the motion currently before the court requires the first interpretation of an extremely important provision

of the Florida Wrongful Death Act, Fla. Stat.Ann. §§ 768.16–768.27 (West 1986). In this wrongful death action, the plaintiff asserts a claim for the loss of prospective net accumulations to decedent's estate pursuant to Fla.Stat.Ann. § 768.21(6)(a)2. The defendant moves to strike this claim because the plaintiff fails to meet the express requirements of § 768.21(6)(a)2. After reviewing the record, the court denies the motion.

This diversity case is a Florida action for the wrongful death of Noel Innocent. Innocent was crushed to death when a heavy plastic sheet manufactured by one of the defendants fell on him. He was unloading these sheets from another defendant's truck when the accident happened.

Innocent is survived by his mother and siblings, whom Innocent supported. Two of his sisters, Anience and La Mercie, bring this action personally and on behalf of Innocent's other siblings and mother pursuant to Fla.Stat.Ann. § 768.19 (West 1986). They seek to recover both for the loss of support, *see* Fla.Stat.Ann. § 768.21(1), and for the loss of prospective net accumulations to Innocent's estate, *see* Fla.Stat.Ann. § 768.21(6)(a)2.

The defendant now moves to dismiss the net accumulations claim, arguing that the requirements of § 768.21(6)(a)2 have not been met. Upon an examination of the legislative history behind this section, the court agrees with the defendant, but refuses to dismiss the claim under the alternative pleading rule.

Section 768.21 is the damages section of the Florida Wrongful Death Act. Section 768.21(6)(a)2 provides in pertinent part:

(6) The decedent's personal representative may recover for the decedent's estate the following:

(a) Loss of the prospective net accumulations of an estate, which might reasonably have been expected but for the wrongful death, reduced to present money value, may ... be recovered:

\* \* \* \* \* \*

2. if the decedent is not a minor child, there are no lost support and services recoverable ..., and there is a surviving parent.

*Id.*

Both parties have greatly assisted the court in its interpretation of this section. The defendant maintains that a net accumulations claim can be brought only when a loss of support claim is not asserted. For this argument, the defendant relies upon the plain language of the statute. The plaintiffs counter by arguing that the legislature intended both claims to be maintained, and even if it did not, precluding the maintenance of both claims would violate the equal protection clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1. In construing § 768.21(6)(a)2, the court will address each of these concerns.

The court first notes that the language of § 768.21(6)(a)2 precludes a party from recovering both for a loss of support and for a loss of net accumulations. The section allows recovery of prospective net accumulations if the decedent is not a minor child, there is a surviving parent, and "there are no lost support and services recoverable" under § 768.21(1). Fla.Stat. Ann. § 768.21(6)(a)2.

A statute's language, however, is not always conclusive. Because the court sits in diversity, it must follow the Florida law on statutory construction. In Florida, "legislative intent must be given effect even though it may contradict the strict letter of the statute." *Vildibill v. Johnson,* 492 So. 2d 1047, 1049 (Fla.1986) (citing *State v. Webb,* 398 So.2d 820 (Fla.1980)). To find the legislative purpose in enacting § 768.21(6)(a)2, an examination of the facts and circumstances surrounding the section's passage is necessary.

Section 768.21(6)(a)2 was enacted to fill a gap in the wrongful death statute. Prior to its enactment, the Act did not allow the sole surviving, dependent parents of an adult decedent to recover. *See Vildibill v. Johnson,* 492 So.2d 1047, 1049 (Fla.1986). This troublesome gap was brought to the legislature's attention in dramatic fashion. The Senate Commerce Committee heard the testimony of the mother of a twenty-

five-year-old, single decedent, who was killed through the negligence of another. Because the decedent was survived only by his mother, she was without a remedy under the wrongful death act as it existed at that time. *Id.*

The Florida Congress gradually corrected the problem. In 1981, the legislature amended the § 768.21(6)(a) to allow an estate to recover the loss of prospective net accumulations if the decedent had no surviving relatives. *Vildibill,* 492 So.2d at 1049. In 1985, the legislature specifically allowed an estate of an adult decedent who is survived only by non-dependent parents to recover prospective net accumulations by amending § 768.21(6)(a)2. *Id.* at 1050.

The Florida legislature, therefore, enacted § 768.21(6)(a)2 to provide a remedy where none existed before. The legislature was careful to construct the remedy so that only this intention was carried out. According to the section's language, recovery under § 768.21(6)(a)2 is unavailable if the decedent is a minor child, or if no surviving parent remains, or if the claimant can recover for loss of support and services. After enacting this subsection, the legislature believed that every possible survivor had at least one remedy for a wrongful death.

The legislature also believed that after this enactment, the policy behind the Wrongful Death Act was thoroughly promoted. In § 768.17, the legislature expressly stated that the Act was designed to shift the loss caused by a wrongful death from the survivors to the wrongdoer. Fla. Stat.Ann. § 768.17 (West 1986). Without a survivor having a remedy, a wrongdoer would have avoided responsibility for his actions, and, thus, this policy would be subverted.

■ The situation presented in this case differs from the circumstances that gave rise to the enactment of § 768.21(6)(a)2. These plaintiffs have at least one remedy: the loss of support claim. They argue that they should recover for the loss of net accumulations as well because the recovery for the loss of services may be inadequate. Because the Florida legislature specifically intended a recovery for loss of support to preclude a recovery for loss of net accumulations, the plaintiffs' argument fails. Plaintiffs are entitled to recover for loss of net accumulations only if they do not recover for loss of support.

■ Plaintiffs equal protection challenge does not alter this finding. The plaintiffs argue that the Florida legislature improperly discriminates against relatives who are dependent upon the adult decedent. They argue that it is possible for a partially dependent, surviving parent to recover less than a sole surviving, nondependent parent of an adult decedent. The plaintiffs claim that this distinction is arbitrary and capricious, and, thus, is in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. The court disagrees.

■ Where a statute does not involve any discernible fundamental interest or affect with particularity any protected class, the test of constitutionality is whether the statute has a rational relationship to a legitimate state interest. *See Ohio Bureau of Employment Services v. Hodory, Ohio,* 431 U.S. 471, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977); *Hughes v. Alexandria Scrap Corp., Md.,* 426 U.S. 794, 96 S.Ct. 2488, 49 L.Ed.2d 220 (1976). In essence, a legislative classification must be sustained unless it is "patently arbitrary," *see Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), or it fails to further a legitimate state purpose, *see San Antonio Independent School Dist. v. Rodriquez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Under these guidelines, § 768.21(6)(a)2 passes constitutional muster.

The Florida legislature passed the Wrongful Death Act so that individuals who suffered a loss from a wrongful death would have a remedy. The legislature intended this remedy, as it specifically noted in § 768.17 (West 1986), to shift the loss suffered by a survivor to the wrongdoer. In § 768.21, the Florida legislature established a plethora of remedies that provided a specific means of recovery to every conceivable type of survivor. In designing

this "system" of classification, the legislature determined which losses should be shifted for each survivor. Obviously, this classification scheme shows the legislature's intent of not providing each type of survivor with the exact same remedy.

The classification in this case is in furtherance of this legitimate purpose. The plaintiffs here can recover under the Act. They can recover for their loss of services, or if they cannot be so compensated, they can recover for net accumulations of the estate. This classification is consistent with the legislature's purpose of shifting the loss the legislature believed a survivor suffered to the wrongdoer. The classification here, therefore, furthers a legitimate state interest.

A quite different result would occur if the dependent survivors of an adult decedent could not recover under the Wrongful Death Act. This was not the situation presented in *Vildibill v. Johnson*, 492 So. 2d 1047 (Fla.1986), upon which the plaintiffs rely. The court agrees with Justice Adkins' finding that a preclusion of a class from recovering under the Wrongful Death Act would be a violation of the equal protection clause. Any such preclusion could not further the remedial purpose of the Act. The limiting of a class to a specific type of remedy, however, can, and in this case does, further the purposes of the Act.

The fact that the plaintiff cannot recover for both the loss of services and the loss of prospective net accumulations does not necessarily mean the motion to strike should be granted. Under Fed.R. Civ.P. 8(e)(2), a party may plead in the alternative. The plaintiffs, therefore, can assert both claims, but are allowed to recover for the loss of net accumulations only if they do not recover for their loss of support. Moreover, a voluntary dismissal of the loss of support claim does not necessarily mean that the plaintiffs can recover for net accumulations. Section 768.-21(6)(a)2 allows recovery for net accumulations if loss of support is not recoverable. This condition requires a court to determine whether loss of support is recoverable even if such a claim is not alleged.

Accordingly, upon the defendants' motion, and this court being fully advised, it is

ORDERED AND ADJUDGED that the defendant's motion to strike the claim for net accumulations be, and the same is, DENIED.